IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DEMETRIUS A. MCGEE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00917-O-BP |
| § | |
| **WALMART and** § | |
| **FORT WORTH POLICE DEP'T,** § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Demetrius A. McGee, proceeding *pro se* and *in forma pauperis*, initiated this action by filing an original complaint on October 31, 2019 in which he alleges that he was harassed and kicked out of the Walmart store located on Beach Street in Fort Worth, Texas. ECF No. 1. On the Civil Cover Sheet, Plaintiff states "violated my 1st Amendment" as the brief description of the cause, checks the box for a class action under Federal Rule of Civil Procedure 23, and lists his demand as "$700 zillion U.S. dollars." *Id.* at 2. This case was automatically referred to the undersigned pursuant to Special Order 3 on October 31, 2019. ECF No. 5.

By Order dated November 1, 2019, the Court ordered Plaintiff to file an amended complaint by December 1, 2019, that contained a short and plain statement of the Court's jurisdiction, a short and plain statement of the Plaintiff's claims, and a demand for relief, in accordance with Federal Rule of Civil Procedure 8(a). The Court cautioned Plaintiff that failure to comply with the order may result in the dismissal of the case for want of prosecution under Federal Rule of Civil Procedure 41(b). Plaintiff failed to file an amended complaint as ordered.

By Order dated February 25, 2020, the Court granted Plaintiff's *in forma pauperis* application and again ordered him to file an amended complaint as provided in the Court's previous order dated November 1, 2019, ECF No. 8. The Court set a new deadline of March 26, 2019 for Plaintiff to file the amended complaint and again warned him that failure to comply with the order may result in dismissal of the case for want of prosecution under Federal Rule of Civil Procedure 41(b). ECF No. 9. Plaintiff did not comply with the Court's Order.

In light of the Court's numerous extensions of time for Plaintiff to file an amended complaint, Plaintiff's failure to file an amended complaint, and the Court's providing Plaintiff warning that failure to file an amended complaint or to comply with court orders may result in dismissal, and the record as a whole, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **dismiss** Plaintiff's complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    Signed **March 27, 2020**.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE